# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | |
|---|---|
| CRAIG HILL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:11-CV-66-SNLJ |
| PEMISCOT COUNTY, MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Craig Hill (registration no. 1065369) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's

account indicates an average monthly deposit of $4.83 and an average monthly balance of zero. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $.97, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Algoa Correctional Center, seeks monetary and declaratory relief in this 42 U.S.C. § 1983 action against defendants Pemiscot County, Missouri, Marcus Hopkins (police officer), Chris Wynes (police officer), and Pemiscot County Police Department. Plaintiff alleges that his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated when he was unlawfully seized and incarcerated based on false narcotics charges. Plaintiff claims that defendants committed perjury at his trial, failed to disclose Brady materials, and concealed discoverable information. In addition, plaintiff alleges that Pemiscot County and Pemiscot County Police Department failed to supervise or train the defendants and failed to prevent Wynes and Hopkins "from performing police functions after learning that these officers used and abused cocaine during the performance of their duties."

**Discussion**

Plaintiff brings this action against the two individual police officers, Marcus Hopkins and Chris Wynes, in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir.

1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any non-conclusory allegations that an official policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.[1] As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Marcus Hopkins, Chris Wynes, and Pemiscot County, Missouri.

The complaint is also legally frivolous as to the Pemiscot County Police Department, because police departments are not suable entities under § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992); see also De La Garza v. Kandiyohi County Jail, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983; local governments can be liable under § 1983 only if injury stems from official policy or custom).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[1] Plaintiff alleges no facts as to official policy or custom. Moreover, his bald statement that Pemiscot County Police Department is an agency of Pemiscot County, and therefore, "the acts and policies of the police department are, in effect, the acts and policies of the county government," is wholly conclusory and does not support a claim for relief under § 1983. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-51 (2009).

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as <u>Craig Hill v. Pemiscot County, Missouri, Marcus Hopkins, Chris Wynes, and Pemiscot County Police Department</u>.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $.97 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th Day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE